## MENDELSON et al v. ROLAND

No. 4319.　Decided Feb. 5, 1926.　(243 P. 798.)

1. SPECIFIC PERFORMANCE—FINDINGS THAT PLAINTIFFS REJECTED WRITTEN OFFER OF SUBLEASE, AND THAT THEIR SUBSEQUENT TENDER WAS REFUSED, HELD SUPPORTED BY PREPONDERANCE OF EVIDENCE. Findings, in suit for specific performance that defendant's written offer to sublease was rejected by plaintiffs, and that later plaintiffs purported to accept written offer which they had rejected, but that defendant refused to accept their tender, and gave written notice that his offer was no longer open for acceptance, *held* supported by preponderance of evidence.

2. LANDLORD AND TENANT—DEFENDANT WAS JUSTIFIED IN TREATING WRITTEN OFFER OF SUBLEASE REQUIRING IMMEDIATE ACCEPTANCE AS REJECTED, WHERE PLAINTIFFS, AFTER EXAMINATION AND DISCUSSION, LEFT WITHOUT COMING TO AN AGREEMENT. Where written offer of sublease of real estate was complete, definite, and certain, with nothing left for plaintiffs to do but examine it and sign, if they were willing to accept, offer calling for immediate acceptance, defendant was justified in treating offer as rejected, where plaintiffs devoted two or three hours toward its examination and discussion, but left without coming to an agreement with defendant.

3. FRAUDS, STATUTE OF—AFTER REJECTION OF WRITTEN OFFER OF SUB-
LEASE, ALLEGED ACCEPTANCE OF RENEWAL THEREOF THEREAFTER
NOT WITHIN STATUTE. Where plaintiff had rejected defendant's
written offer of a sublease, but contended that subsequently
plaintiff renewed such offer, which plaintiff then accepted, *held*
latter alleged transaction, if true, was not within the statute;
renewed offer being simply resubmission of former written
offer.

4. TRIAL—COURT ERRED IN FAILING TO FIND ON QUESTION OF RENEWAL
OF DEFENDANT'S OFFER TO SUBLEASE PROPERTY, IN VIEW OF
TESTIMONY OF WITNESS THAT SUCH OFFER HAD BEEN RENEWED AND
ACCEPTED. In action for specific performance of contract to give
sublease to real estate, where court found that defendant's
written offer had been rejected by plaintiff, it was error for
court to fail to find whether there was a renewal of such offer
by defendant subsequently to plaintiffs' rejection, where witness
testified that subsequently to such rejection defendant had re-
newed offer and plaintiff accepted it.

Appeal from District Court, Third District, Salt Lake
County, *M. L. Ritchie,* Judge.

Action by M. R. Mendelson and another against August
Roland. Judgment for defendant, and plaintiffs appeal.

CAUSE REMANDED to trial court, with directions.

*B. L. Liberman* and *A. L. Hoppaugh,* both of Salt Lake
City, for appellants.

*Hurd & Hurd* and *W. W. Ray,* all of Salt Lake City, for
respondent.

THURMAN, J.

This is an action to compel the specific performance of an
alleged contract to sublease certain real property commonly

Corpus Juris-Cyc. References.
[1, 2]  Landlord and Tenant 35 C. J. p. 1200 n. 46, 47.  Specific
Performance 36 Cyc. p. 784 n. 15 New.
[3]  Frauds, Statute of 27 C. J. p. 264 n. 6 New.
[4]  Trial 38 Cyc. p. 1968 n. 97.

known as the "Palace Meat Market," situated at 263-265 South Main street, Salt Lake City, Utah. The complaint alleges that on the 22d day of December, 1924, plaintiffs and defendant entered into a written agreement by the terms of which defendant, who was the owner of a lease upon the property, agreed to sublease the same to the plaintiffs for a term of 10 years commencing February 1, 1925. The terms of the alleged contract are stated in substance, and a copy thereof attached to and made part of the complaint. The defendant admits that he is the owner of a lease upon the property, but denies that he entered into a contract to lease the same to the plaintiffs. The trial court, sitting as a court of equity, found the issues in favor of the defendant, and judgment was entered accordingly. Plaintiffs appeal and assign as error insufficiency of the evidence to support the findings, and failure of the trial court to make a finding upon certain facts alleged to be material.

In order to understand certain features of the evidence which will hereinafter appear, it is pertinent at this point to refer to a previous transaction in which the parties were involved, which occurred earlier in the same month.

On the 3d of December, 1924, the defendant, who, as before stated, was the owner of a lease on the property in question, listed the same for sale with the Central Trust Company, rent brokers of Salt Lake City, for the sum of $30,000, out of which $1,000 was to be paid as a commission to said company. Within the time allowed for the sale the company negotiated a sale to the plaintiffs in this action, who had made an offer to purchase the lease on the terms mentioned, and who were able, ready, and willing to pay, but the defendant changed his mind, and refused to accept the price and complete the sale. This transaction, when necessary herein, will be referred to as "the previous transaction." Negotiations were then commenced between the same parties for a sublease of the property for a period of 10 years commencing February 1, 1925, as hereinbefore stated. The preliminary negotiations between the parties were conducted by Mr. Henry Johnson, who had personally acted for the brokerage company in the previous transaction. Whether Johnson

in the present transaction was the agent for the plaintiffs or for the defendant is a matter of dispute between the parties. In our opinion it is immaterial for whom he acted. In any event, he acted as an intermediary in bringing the parties together, and consequently became a witness in the case to what occurred between the parties. During the course of the negotiations Johnson requested the defendant to submit his offer in writing for submission to the plaintiffs. The offer was prepared by defendant and his counsel, and submitted to plaintiffs for their consideration on December 20, 1924. The document so prepared and submitted, signed by the parties in the manner hereinafter stated, constitutes the contract which plaintiffs are seeking to enforce. It stated the terms of the proposed sublease to be for a period of 10 years commencing February 1, 1925, at a monthly rental of $1,350 for the first five years of the term and $1,380 for the last 5 years, the rent to be paid in advance on the 1st day of each and every month. It also required that plaintiffs should insure the property against loss by fire and carry a rent insurance policy. The form of the lease was to be the same as the lease then held by the defendant on the property. There were many other provisions not material to the issues presented on this appeal. It is sufficient to say the offer was definite and certain in all of its terms and provisions sufficient to constitute a binding contract when properly executed by the parties thereto. It was also stated in the offer that it was subject to immediate acceptance, and, in case of acceptance, $1,000 was to be deposited by plaintiffs with the defendant as security for the execution of the lease and as evidence of good faith. A form of acceptance was stated in the offer. The defendant attached his signature to the offer, and in this form the original and a duplicate copy were presented to the plaintiffs on December 20, 1924. The parties met in the office of defendant's attorneys, Messrs. Hurd & Hurd, in Salt Lake City. There were present on that occasion the plaintiff Mendelson, Mr. Henry Johnson, the defendant, Roland, and his attorney, Mr. J. H. Hurd. The evidence is conflicting as to what occurred. It appears there was considerable discussion either as to the amount of the

rent or the provisions relating to insurance, or both. It is an undisputed fact, however, that Mendelson did not sign the document, and that was all he had to do if he accepted the offer, for the form had already been prepared and made part of the offer. The 20th of December occurred on Saturday. Mendelson and Johnson testified that, as the parties did not arrive at a definite agreement on that date, it was then and there agreed that the matter go over until Monday. The defendant and his attorney, J. H. Hurd, testified there was no agreement for the matter to go over, but, on the contrary, when they failed to reach an agreement on Saturday, Mendelson said, as they could not agree, they could at least part friends, whereupon he shook hands and departed. Respondent's contention is that what Mendelson did and failed to do on that occasion amounted to a rejection of the offer. There is some evidence to the effect that during this interview Johnson suggested to Hurd that he was entitled to a commission on the previous transaction, and that Hurd was inclined to concede it, but the question was not definitely decided at that time. On Monday Johnson telephoned defendant, and by appointment they met at the office of Hurd & Hurd. The question of Johnson's commission on the previous transaction was discussed. It was agreed that Johnson was entitled to it on his signing a release and returning the papers by which the defendant had listed the lease for sale. Johnson testified that during this interview Hurd, in the presence of the defendant, requested him to see the plaintiffs again and prevail on them to sign the agreement which was under discussion on Saturday. The written offer was still in the hands of the plaintiffs. Johnson left, and returned late in the afternoon with the agreement signed by both of the plaintiffs and a check for $1,000. The defendant was not there. Hurd stated he did not know whether defendant would renew the offer at that time, but, if desired, he would submit it to defendant for his consideration. He retained the check for that purpose, and referred the matter to the defendant the next day. The defendant refused to renew the offer, saying, in substance, that plaintiffs had rejected it on Saturday, and he would not renew it again. The check was

returned to the plaintiffs with defendant's refusal to renew the offer. Neither Hurd nor the defendant in their testimony as to what occurred on Monday in express terms rebutted the testimony of Johnson to the effect that Hurd requested him to again submit the offer to the plaintiffs for their acceptance. Their testimony, however, as to what was said and done on that occasion inferentially at least indicates that their silence did not necessarily amount to acquiescence. The testimony of Hurd, corroborated substantially by Johnson, that he did not know whether the defendant would be willing to renew the offer at that time is inconsistent with the testimony of Johnson to the effect that the offer had been renewed. Without a finding of the trial court upon that question we will not undertake to determine the fact. Before concluding our statement as to what occurred on Monday, it is pertinent to state that defendant paid to Johnson his commission for services in the previous transaction, and Johnson executed a release therefor.

Such are the controlling features of the evidence disclosed by the record. The trial court found that defendant's offer to sublease the property was rejected by plaintiffs on Saturday, the 20th of December, 1924. He also found that on the following Monday, in the afternoon, the plaintiffs tendered to the defendant, through his attorney J. H. Hurd, a check in favor of defendant for $1,000, and purported to accept the written offer which they had rejected on the Saturday previous, and that defendant refused to accept it, and returned it to plaintiffs, with a written notice to the effect that, his offer having been rejected by them, it was not now open for acceptance. There was no finding made by the court as to whether or not the defendant had renewed the offer on Monday, as testified by the witness Johnson. We are of opinion the findings of the court are clearly sustained by a preponderance of the evidence. It is unnecessary to comment on the evidence at length. The fact that the offer was complete, definite, and certain, with nothing left for the plaintiffs to do but to examine it and attach their sig-    1, 2 natures if they were willing to accept it, is almost conclusive evidence of an unqualified rejection. If we add to

that the testimony as to what Mendelson said and did at the close of their interview on Saturday, the conclusion becomes almost irresistible that the offer of the defendant was then and there rejected. The offer itself called for immediate acceptance. Two or three hours were devoted to an examination of the document and discussion of its terms and provisions. The parties then separated without coming to an agreement. We are clearly of opinion that in these circumstances defendant was justified in treating the conduct of plaintiffs as a rejection of his offer. There is no conflict in the evidence as to the additional finding of the court.

The failure of the court to find as to whether or not defendant renewed his offer on the Monday following, as testified by Johnson, presents a more serious question. Defendant of course, had the right to renew his offer on Monday, notwithstanding it had been rejected on the Saturday previous. If the offer was renewed on Monday, and unqualifiedly accepted on the same day, as the testimony of Johnson tends to show, appellant was entitled to a finding to that effect, and conclusions and decree in accordance therewith, unless the contention of respondent is sound that the transaction is within the statute of frauds, and that the respondent has the right to invoke it in this proceeding.

We are of opinion the transaction is not within the statute of frauds. The written offer was still in the possession of the plaintiff. Assuming Johnson's testimony to be **3** true, it amounted simply to defendant again submitting to the plaintiffs his offer in writing. It is unnecessary to review the cases cited relating to the statute of frauds.

The court erred in failing to find whether or not there was a renewal of defendant's offer to sublease the **4** property to the plaintiffs on Monday, the 22d of December, 1924.

The cause is therefore remanded, with directions to the trial court to make and enter additional findings, conclusions, and decree in accordance with the facts as they may appear, either upon the evidence already before the court or by taking further evidence, or both, as the court in its discretion may determine. Appellants to recover costs.

GIDEON, C. J., and FRICK, CHERRY and STRAUP, JJ., concur.